IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JULIO ZELAYA SORTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24CV1089 |
| | ) | |
| CHEERAG DIPAKKUMAR UPADHYAYA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Julio Zelaya Sorto, an inmate in the North Carolina prison system, has sued Dr. Cheerag Dipakkumar Upadhyaya for failing to provide medical care. *See* Docket Entry 1 ("Compl.") at 5–8. Sorto's case is now before the Court on his motion to amend his Complaint, Docket Entry 13, and Upadhyaya's motion to dismiss, Docket Entry 15. It is recommended that the Court deny Sorto's motion to amend his Complaint. It is further recommended that the Court grant in part and deny in part Upadhyaya's motion to dismiss. Specifically, while Sorto has advanced a plausible Eighth Amendment claim, his First Amendment claim and state medical malpractice claims both fail, as set forth below.

### I. BACKGROUND

Sorto alleges that he suffers from multiple medical conditions, including a "herniated disc," muscle spasms, "degeneration of disc joints," "cervical spine multilevel osteophytes," and signs of "degeneration disc disease." Compl. at 7. As a result, he experiences pain throughout his lower body. *See id.*

Sorto alleges that in April of 2024, "Dr. Upadhyaya . . . personally examined [him] and he determined that [it] was . . . medical [sic] necessary to administer [an] epidural spinal injection." *Id.* at 5. Dr. Upadhyaya told Sorto that he would "orde[r] and recommend an epidural steroid injection for him to help relie[ve] the low[er] back pain." *Id.*

Later, however, "Dr. Upadhyaya refused to treat" Sorto, including by "refus[ing] to arrange follow up care [for] neurosurgery to administer [a] spine injection." *Id.* at 6. Prison staff called Upadhyaya in July of 2024, to report Sorto's worsening lower back pain, but Upadhyaya would not refer Sorto for pain management. *Id.* Further, prison staff began to have difficulty scheduling appointments with Upadhyaya, and Upadhyaya failed to give Sorto access to the medication Upadhyaya had recommended. *Id.* Sorto alleges that Upadhyaya denied him treatment because Sorto had previously "filed a lawsuit against the University of North Carolina hospitals at Chapel Hill (UNCH) [against Upadhyaya's] colleague doctor, Kevin Anthony Carniero, MD, [in] February 2023." *Id.* at 7.

Sorto alleges that Upadhyaya's conduct violated the First Amendment, Eighth Amendment, "Fourteenth Amendment Title II," "state law, and the "spine policy" of the North Carolina prison system and the University of North Carolina healthcare system. *Id.* at 5. He seeks damages compensating him for "medical and other expenses," "for the value of any part of his body or physical functioning which cannot be replaced or restored," for "pain and suffering," and for the costs of litigation. *See id.* at 8.

## II. MOTION TO AMEND COMPLAINT

The Court should deny Sorto's motion to amend his Complaint to add the University of North Carolina at Chapel Hill as an additional defendant. *See* Docket Entry 13. "Leave to amend a pleading should be denied in only certain circumstances, such as if the amendment would be futile." *Brainchild Surgical Devices, LLC v. CPA Glob. Ltd.*, 144 F.4th 238, 257 n.14 (4th Cir. 2025) (citation modified). An amendment is futile if it would add defendants who are immune under the Eleventh Amendment. *E.g.*, *Curry v. South Carolina*, 518 F. Supp. 2d 661, 668–69 (D.S.C. 2007). The Eleventh Amendment deprives this Court of jurisdiction to hear a suit brought against a state by a citizen. *See* U.S. Const., amend. XI; *Albert v. Lierman*, 152 F.4th 554, 560 (4th Cir. 2025).

Here, Sorto seeks to "add a new Defendant[,] University of North Carolina Hospitals at Chapel Hill" to his Complaint. Docket Entry 13 at 2. This amendment would be futile because the University of North Carolina healthcare system is an arm of the state of North Carolina, and is therefore immune from Sorto's suit under the Eleventh Amendment. *See Singh v. Univ. of N. Carolina at Chapel Hill*, 659 F. Supp. 3d 659, 672 (M.D.N.C. 2023) *appeal dismissed sub nom. Singh v. Univ. of N. Carolina Health Care Sys.*, No. 23-1350, 2023 WL 6374188 (4th Cir. June 20, 2023); *Solomon v. UNC Healthcare*, No. 5:16-CV-24-FL, 2016

2

WL 6768920, at *4 (E.D.N.C. Oct. 19, 2016), *report and recommendation adopted*, No. 5:16-CV-24-FL, 2016 WL 6683470 (E.D.N.C. Nov. 14, 2016); *Thomas v. North Carolina*, No. 3:12-CV-00038-FDW, 2013 WL 566481, at *7 (W.D.N.C. Feb. 13, 2013), *aff'd sub nom. Thomas v. NC*, 539 F. App'x 124 (4th Cir. 2013). The Court should therefore deny Sorto's motion as futile.

### III. MOTION TO DISMISS

Because Sorto has failed to state a claim for First Amendment retaliation and medical malpractice, the Court should dismiss both claims. But Sorto has stated a claim that Upadhyaya was deliberately indifferent to Sorto's serious medical needs in violation of the Eighth Amendment.

To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting and citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). That is, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp.,* 550 U.S. at 555 (citation modified). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly,* 550 U.S. at 570).

The Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff, but does not consider legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citation modified). A *pro se* plaintiff's complaint must be construed liberally in their favor. *See Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015).

### A. Sorto Has Not Stated a First Amendment Retaliation Claim.

"To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020). Regarding the causation element, the plaintiff must plausibly allege "that the defendants were aware of the plaintiff's engaging in a protected activity and show some degree of temporal proximity to suggest a causal connection." *Gowen v. Winfield*, 130 F.4th 162, 173–74 (4th Cir. 2025) (citation modified) (finding the causation element satisfied at the pleading stage by a temporal proximity of "just hours"); *see also*

3

*Porter v. Bd. of Trs. of N. Carolina State Univ.*, 72 F.4th 573, 584 (4th Cir. 2023) (finding the causation element unsatisfied at the pleading stage by a temporal proximity of eight to ten months).

Here, Sorto has not plausibly alleged the causation element. Sorto claims that Upadhyaya retaliated against him because Sorto had previously "filed a lawsuit against the University of North Carolina hospitals at Chapel Hill (UNCH) over his colleague doctor, Kevin Anthony Carniero, MD, [in] February 2023." Compl. at 7. But Sorto alleges no facts plausibly suggesting that Upadhyaya was aware of Sorto's previous lawsuit. And Sorto alleges a significant amount of time—over a year—between the filing of his previous lawsuit (in February 2023) and Upadhyaya's allegedly injurious conduct (between April and July 2024). *Id.* at 5–7. Sorto has therefore failed to state a First Amendment retaliation claim against Upadhyaya.

### B. Sorto Has Not Stated a Medical Malpractice Claim.

Liberally construed, Sorto's complaint attempts to allege a state medical malpractice claim against Upadhyaya because it states that Upadhyaya "breached his duty," and that Sorto seeks to bring a "state law" claim against him.[1] *See* Compl. at 5.

The Court may exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over "all other claims that are so related to [the federal] claims in the action . . . that they form part of the same case or controversy[.]" In deciding whether the claims form part of the same case or controversy, the courts look to whether "[t]he state and federal claims . . . derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also White v. Cnty. of Newberry*, 985 F.2d 168, 171 (4th Cir. 1993) (stating a district court may properly exercise supplemental jurisdiction over state claims if they arise out of a common nucleus of operative facts such that plaintiff would ordinarily be expected to try claims in one judicial proceeding). Here, supplemental jurisdiction would exist if the Complaint alleged a viable medical malpractice claim under North Carolina law.

However, North Carolina Rule of Civil Procedure 9(j) requires dismissal of any medical malpractice claim where the complaint does not allege that either (1) a medical expert has reviewed the medical records at issue

---

[1] "North Carolina courts distinguish between claims of medical malpractice . . . and assertions of "ordinary negligence," where "[m]edical malpractice actions allege negligence relating to medical decisions requiring clinical judgment and intellectual skill" and "[a]llegations of negligence . . . arise out of policy, management, or administrative decisions." *Sutton v. Rockingham Cnty.*, No. 1:21CV95, 2022 WL 960460, at *6 (M.D.N.C. Mar. 30, 2022) (citation modified). Sorto's instant suit falls into the former bucket.

4

and is willing to testify that malpractice occurred, or (2) liability could be established via *res ipsa loquitur*. Federal courts have consistently held that a "claim for medical malpractice under North Carolina law that does not facially comply with [Rule 9(j)], must be dismissed." *E.g., Lewis v. Peterkin*, No. 23-7020, 2025 WL 3002826, at *1 (4th Cir. Oct. 27, 2025); *Estate of Williams–Moore v. Alliance One Receivables Mgmt. Inc.*, 335 F.Supp.2d 636, 649 (M.D.N.C. 2004). Further, "*res ipsa loquitur* is inappropriate in the usual medical malpractice case, where the question of injury and the facts in evidence are peculiarly in the province of expert opinion." *Robinson v. Duke Univ. Health Sys., Inc.*, 747 S.E.2d 321, 329 (N.C. App. 2013).

Here, Sorto's Complaint contains no allegations regarding expert witnesses. It is also not an exceptional case where *res ipsa loquitor* might apply, because whether a doctor should order a spinal injection is not common knowledge. Thus, Sorto's medical malpractice claim must be dismissed under Rule 9(j).

C. Sorto Has Stated a Claim for Deliberate Indifference Under the Eighth Amendment.

A physician who treats a state prisoner acts under color of state law, such that they may be liable for deliberate indifference to serious medical needs under Section 1983. *See Conner v. Donnelly*, 42 F.3d 220, 225 (4th Cir. 1994); *accord Tolbert v. Kletzing*, No. 7:23-CV-00530, 2025 WL 974111, at *4 (W.D. Va. Mar. 31, 2025). There is both a "subjective and an objective component" to a deliberate indifference claim. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008); *accord Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). "The plaintiff must demonstrate that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." *Iko*, 535 F.3d at 241. Here, Sorto has sufficiently alleged both elements.

1. Sorto Has Sufficiently Alleged a Serious Medical Need.

"A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko*, 535 F.3d at 241 (citation modified); *accord Short v. Hartman*, 87 F.4th 593, 612 (4th Cir. 2023). Here, Sorto has alleged that Upadhyaya originally told him that a spinal injection was "medically necessary." Compl. at 7. Sorto has therefore sufficiently alleged a serious medical need for the purposes of the pleading stage.

2. Sorto Has Sufficiently Alleged Deliberate Indifference.

Deliberate indifference involves two elements: (1) "actual knowledge of the risk of harm to the inmate," and (2) the defendant's "recogni[tion] that his actions were insufficient to mitigate the risk of harm to the inmate." *Iko*, 535 F.3d at 241; *accord Short*, 87

5

F.4th at 612. Given that these requirements speak to a defendant's mental state, allegations of mere negligence or medical malpractice are insufficient to state a claim for deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Moskos v. Hardee*, 24 F.4th 289, 297 (4th Cir. 2022).

In *Estelle*—a case often cited on deliberate indifference, *e.g., Moreno v. Bosholm*, 151 F.4th 543, 573 (4th Cir. 2025)—the Supreme Court found that a plaintiff failed to state a claim for deliberate indifference. *See* 429 U.S. at 107. The plaintiff alleged that they received extensive medical care, but that their care did not include tests for a back injury. *See* 429 U.S. at 107. The Court held that these allegations suggested "an inadvertent failure to provide adequate medical care," not "unnecessary and wanton infliction of pain" or indifference "repugnant to the conscience of mankind," as would be necessary to violate the Eighth Amendment. *See id.* at 105–06. The Court additionally stated that "the question [of] whether [additional testing is necessary] is a classic example of a matter for medical judgment," not legal adjudication. *See id.* at 107. As a result, the Fourth Circuit has "consistently found" that "disagreement between an inmate and a physician over the inmate's proper medical care" "fall[s] short of showing deliberate indifference." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (brackets omitted).

But *Estelle* is not the end of the story. In *Pfaller v. Amonette*, 55 F.4th 436, 448–52 (2022), the Fourth Circuit found that a genuine issue of material fact existed over whether a physician had been deliberately indifferent. There, a physician had not ordered additional testing despite the plaintiff's medical results meeting a threshold that called for additional testing. *See id.* The Fourth Circuit held that a "reasonable jury could infer that [the physician] opted to ignore" the threshold being met, which would constitute deliberate indifference. *Id.* at 449. The court further framed the facts as not posing "a question of disagreement over [the plaintiff's] preferred care," but instead "a question of whether [the plaintiff] failed to receive adequate treatment at all." *Id.* at 452.

Here, read in the light most favorable to him, Sorto's Complaint alleges that Upadhyaya told Sorto a certain treatment was medically necessary, then refused to provide that treatment, even in the face of phone calls from prison staff reporting that Sorto's symptoms were worsening.[2]

---

[2] Upadhyaya alleges that he did, in fact, refer Sorto to pain management, and that Sorto received spinal injections on June 19, 2024. *See* Docket Entry 16 at 2–3. But "[i]n considering a motion to dismiss, the court must consider all facts and well- pled allegations in the complaint as true and all contrary allegations of the opposing party are to be disregarded." *Gerber v. Nw. Hosp. Ctr., Inc.*, 943 F. Supp. 571, 574 (D. Md. 1996) (citing

6

*See* Compl. at 5–6. These allegations go beyond the mere disagreement about the best course of treatment alleged in *Estelle*. *See* 429 U.S. at 107. As in *Pfaller*, the facts as pled suggest that Upadhyaya had actual knowledge of a risk of harm to Sorto and recognized that not treating Sorto's pain would fail to mitigate that risk.[3] *See* 55 F.4th at 448–52. Because Sorto needs only to plausibly allege deliberate indifference at this stage, his Eighth Amendment claim should survive Upadhyaya's motion to dismiss.

IV. CONCLUSION

**IT IS HEREBY RECOMMENDED** that the Court **DENY** Sorto's motion to amend his Complaint, Docket Entry 13. **IT IS FURTHER RECOMMENDED** that the Court **GRANT IN PART AND DENY IN PART** Upadhyaya's motion to dismiss, Docket Entry 15, and **DISMISS** Sorto's claims for First Amendment retaliation and medical malpractice.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

---

*Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976)).

[3] Admittedly, Sorto's facts are not as strong as those in *Pfaller*, where the medical threshold for additional testing was part of the record and the physician admitted to making a mistake. *See* 55 F.4th at 448–52. But that is not surprising: *Pfaller* was at summary judgment, whereas discovery has not yet started in this case.