IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JULIO ZELAYA SORTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-CV-1089 |
| | ) | |
| CHEERAG DIPAKKUMAR | ) | |
| UPADHYAYA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the United States Magistrate Judge's Recommendation ("Recommendation") recommending that Mr. Sorto's complaint, Dkt. 1, be dismissed without prejudice for failure to prosecute pursuant to Local Rule 11.1(b), *see generally* Dkt. 31.[1]

The Clerk's office served notice of the Recommendation on Mr. Sorto, Dkt. 32, and no objection was filed within the requisite time limits, *see* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Therefore, the Court need not make a *de novo* determination, *see* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3), and "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation,'" *Diamond v.*

[1] The Postal Service returned the envelope addressed to Mr. Sorto containing the Recommendation as "undeliverable because No Longer at this Facility." *See* Dkt. 30. Mr. Sorto again has not provided an updated address to the Clerk, as is his obligation if he wishes to pursue his case. *See* Dkt. 31; Local Rule 11.1(b).

*Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment).[2] After due consideration, the Magistrate Judge's Recommendation is hereby adopted in full.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, Dkt. 31, is **ADOPTED**. **IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

A Judgment dismissig this action will be entered contemporaneously with this Order.

This the 21st day of October, 2026.

LINDSEY A. FREEMAN
UNITED STATES DISTRICT JUDGE

[2] Defendant responded to the Magistrate Judge's Recommendation, agreeing with the recommendation that Plaintiff's claims should be dismissed, but arguing the claims should be dismissed with prejudice. In the response, Defendant highlighted that Federal Rule of Civil Procedure Rule 41(b) allows the Court to dismiss a case *with prejudice* for failure to prosecute. However, when a plaintiff brings an action *pro se* and has failed to update his address, as is the case here, Local Rule 11.1(b)—which the Magistrate Judge relied on in the Recommendation, *see* Dkt. 31—instructs the Court to dismiss the case for failure to prosecute *without prejudice*. The Court, having considered the arguments in Defendant's Response, Dkt. 33, sees no reason to stray from the Recommendation and will follow the Local Rule.